**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

December 18, 2019

**BY ECF**
The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    <u>United States</u> v. <u>Dante McNair</u>,
            16 Cr. 666 (KMK)

Dear Judge Karas:

The Government respectfully writes in opposition to defendant Dante McNair's (the "defendant") motion to reduce his sentence, pursuant to Title 18, United States Code, Section 3582(c)(2). As set forth below, the defendant's motion should be denied.

    A.      Background

On or about October 13, 2016, the defendant, alongside multiple co-defendants, was charged in a three-count indictment (the "Indictment"), in connection with the defendant's participation in a large-scale and highly profitable drug trafficking organization (the "DTO") responsible for distributing wholesale quantities of cocaine in and around Poughkeepsie, New York. (*See* Presentence Investigation Report ("PSR"), dkt. no. 141, at ¶¶ 1, 22-27.) The Indictment charged the defendant in two counts. Count One charged the defendant with conspiring to distribute and possess with the intent to distribute five kilograms or more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846. Count Two charged the defendant with promotional money laundering in connection with his participation in the narcotics conspiracy, in violation of Title 18, United States Code, Section 1956. (PSR at ¶¶ 2-3.)

On or about October 12, 2017, the defendant pled guilty pursuant to a plea agreement (the "Plea Agreement") to the lesser included offense of Count One. Pursuant to the Plea Agreement, the parties stipulated that the total offense level (assuming acceptance of responsibility) for Count One was 29. (PSR ¶ at ¶ 7.) The total offense level was based, in part, on a two-level increase pursuant to United States Sentencing Guidelines ("U.S.S.G.") Section 2D1.1(b)(1), because the defendant possessed a firearm. (*Id.*) The parties also agreed that the defendant was in criminal history category one and that, as a result, the applicable Guidelines

range for his crimes was 87 to 108 months' imprisonment, with a mandatory minimum term of 60 months' imprisonment. (*Id.*)

The Probation Department ("Probation") determined that the defendant was in criminal history category two, because the defendant committed the instant offense while under a term of probation. (PSR at ¶ 55-57.) Accordingly, Probation calculated a Guidelines range of 97 to 121 months. (PSR at ¶ 99.)

On or about February 6, 2018, the Court held a sentencing. The Court agreed with Probation's Guidelines calculation and determined that the applicable Guidelines range was 97 to 121 months' imprisonment, with a mandatory minimum term of 60 months. Nevertheless, the Court ordered that the defendant serve a below-Guidelines sentence of 66 months' imprisonment to be followed by four years' supervised release. The defendant's projected release date is March 22, 2023.

B.      Applicable Law

The defendant characterizes his motion as a motion for a sentence modification pursuant to Title 18, United States Code, 3582(c)(2), despite the fact that he points to no amendments to the Guidelines. Indeed, there are none that would have any effect on the Court's sentence in this case. Instead, the motion is more accurately characterized as a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255.

28 U.S.C. § 2255(a) permits a federal prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* "Because collateral challenges are 'in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack.'" *Yick Man Mui* v. *United States*, 614 F.3d 50, 53 (2d Cir. 2010) (quoting *Ciak* v. *United States*, 59 F.3d 296, 301 (2d Cir. 1995)). To prevail on a collateral attack, a defendant must demonstrate "constitutional error . . . or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States* v. *Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill* v. *United States*, 368 U.S. 424, 428 (1962)).

As discussed below, the defendant has failed to demonstrate any error, let alone a constitutional error or error of law or fact, that would entitle him to be re-sentenced.

C.      Discussion

The Supreme Court's decision in *United States v. Davis* is wholly inapplicable here. In *Davis*, the Supreme Court determined that Title 18, United States Code, Section 924(c)(3)(B), the so-called residual clause which defines a crime of violence, was unconstitutionally vague. Here, the defendant was not charged with (and, thus, did not plead to) *any* crimes in violation of

Section 924(c). And the decision in *Davis* does <u>not</u> apply to two-level enhancements under U.S.S.G. § 2D1.1(b)(1). *See United States v. Nwankwo*, No. 12 Cr. 31 (VM), 2019 WL 4743823 at *1 (S.D.N.Y. Sept. 17, 2019) ("In <u>United States v. Davis</u>, the Supreme Court held that the term 'crime of violence' is unconstitutionally vague when defined to cover a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' <u>See</u> 139 S. Ct. at 2324, 2336. This holding does not affect Nwankwo's sentence, because Section 2D1.1(b)(1) does not use or otherwise rely upon the term 'crime of violence.'").

Simply put, the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) was properly applied here and is unaffected by the Supreme Court's ruling in *Davis*. Accordingly, the defendant is not entitled to the relief he seeks, and his motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


by: ____/s/ Christopher J. Clore_____
Christopher J. Clore
Assistant United States Attorney
(212) 637-1063

cc:     Defendant Dante McNair (*by mail*)