UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK



Dante McNair
  (petitioner)

v.

United States of America
  (respondent)

Civil Action No.: _____
Criminal Action No.: 16-CR-666(KMK)

MOTION PURSUANT TO FRAP RULE "5" REPLY AND ANSWER PETITIONER'S
RESPONSE TO THE GOVT'S ANSWER DATED DECEMBER 18th, 2019 IN OPPOSITION
TO PETITIONER'S 3582(C) MOTION FOR RELIEF

---

NOW COMES, Dante McNair, Pro Se, Petitioner's response to the Govt's opposition answer, pursuant to FRAP Rule "5" Petitioner has the right (legal) to reply; and as for reasons thereof, Petitioner (McNair) respectfully states as follows:

Petitioner responses specifically to the Govt's claims and supposed applicable laws and discussion notification to the Court challenging the Govt's position while providing supportive case law (and ALIKE) in favor of Petitioner's claims/grounds for relief.

A) Applicable Law; (In opposition of the Govt's claims)

The Govt (in its answer to the court) takes a very narrow viewpoint when determining Petitioner's filing pursuant to a 3582(c) filing instead of under Title 28 U.S.C Section 2255.

First the Govt states falsely when it states, Petitioner does not cite "No Amendments to the Guidelines" when suggesting that Petitioner motion is best served under §2255(A). As recent as August 12, 2019 in (U.S. v. Sainz) No. 18-10310 (9th Cir.); the Court reversed the

the District Court's denial of a motion for a sentence reduction under 18 U.S.C. §3582(C)(2) and remanding for further proceedings when the Panel held that, a District Court may NOT sua sponte raise (or by pass) a defendant's right to file a § 3582(C)(2) motion and deny the motion on that ground is a violation of an indivduals constitutional rights.

Rather than having the Parole Commission review every Federal Sentence focused only on an offender's rehabilitation. <u>Congress decided that § 3582(c) could and would enable courts to decide, in individual cases, if "there is a justification for reducing a term of imprisonment."</u> Id. at 56

<u>Congress intended for the situations listed in §3582(c) to act as "safety valves for modification of sentences,"</u> id at 121, <u>that enabled sentence reductions when justified by various factors that previously could have been addressed through the now abolished parole system.</u> This particular safety valve would "assure the availability of specific review and reduction to a term of imprisonment for 'extraordinary and compelling reasons" and [would allow courts] to respond to changes in the guidelines." Id noting that this approach would keep "the sentencing power in the judicary where it belongs" rather than with a federal parole board, the statute permitted "later review of sentences in particularly compelling situations" Id. (emphasis added.)

<u>Congress thus intended to give federal sentencing courts an equitable power that would be employed on an individualized basis to correct fundamentally unfair sentences.</u> And there is no indication that Congress limited the safety valve of §3582(c)(1)(A) to medical or elderly release; if extraordinary and compelling circumstances were present, they could be used to "justiy a reduction of an unusually long sentence." S. Rep. No. 98-225 at 55 56

Turning next to the issue of correctness of when an individual could or should file pursuant to 2255 statute. Petitioner has no problem refiling his motion under the 2255 statue that the Govt suggest if it so pleases the Court. The Rules pursuant to 28 U.S.C. 2255; does address that an individual can file even past the one (1) year statue of limitations; when or on the grounds that he is "actually innocent" of a particular charge (or enhancement illegally derived) and in the interest of brevity and judicial economy, when a correction of an illegal sentence must be further adjudicated such as:

1) To prevent a complete miscarriage of Justice that would result from allowing a unconstitutional sentence to stand (U.S. v. Cabey) 429 F.3d 93 (2005) (Also see), (U.S. Maybeck) 23 F.3d 888 (1994), (U.S. v. Mikalajunas) 186 F.3d 490, 495 (1999)

2) A new claim raised could not have been raised in a prior motion; nor presented previously because the issue raised was not available at the time of sentencing; ((2255)(h)(2))

3) A change in the law that directly effect the guideline range of his sentence or incorrectly created resulting in an improper classification (U.S. v. Whitley), 737 F.App x 147, 148-49 (4th Cir. 2018); (Also see) (U.S. v. McCollum), 885 F.3d 300, 307-09 (2018); or

4) Newly discovered evidence that if proven and viewed in the light of the evidence as a whole would be sufficent to establish by clear and convincing evidence; that no reasonable fact finder would have found the movant guilty of the offense.

B). Discussion:

The Govt is correct here that Petitioner was not charged with a 924(c) crime of violence yet was enhanced by 2 points (levels) incorrectly. What the Govt fails to recognize is the opinion cited by Justice Gorsuch that states; "In our constitutional order, a vague law is no law at all." Furthering, the way the 924(c) statue is being used to stack longer sentences, that even the Govt admits that the statue language (Also while using to enhance those not directly charged with a 924(c) offense) provides no reliable way to determine which offense qualify and cannot be squared with the statues text, context, and history of the 924(c) statue. Concluding with; "were we to adopt the Govt's claims of usage for the 924(c)(3)(B) (Along with unfounded or outside of the Indictment charges) we would be effectively stepping outside our rule as judges and writing a new law rather, than applying the one Congress adopted." Such an opinion by many other courts is consistant with recent court findings to stay within the four corner's of the indictment to sentence defendant's.

A super majority of all federal judges are following what was alleged in "The Four Corners" of the indictment (some indictments did not contain any drug quantity). Here's what the federal judge in my case expressed in part:
"I have previously concluded that the offense as charged in the indictment, and not actual conduct, controls the question of eligibility under the First Step Act. See, e.g., United States v. Davis, No. 4:92-CR-4013-WS/CAS (ECF No. 823). My conclusion is in line with those reached by many courts. See, e.g., United States v. Shaw, No. 02-CR-162, 2019 WL 2477089, at *4(W.D. Wisc. June 13, 2019)("I agree with the reasoning of those courts that have concluded that eligibility under the First Step Act is determined by looking at the statute of conviction, not the defendant's conduct."): United States v. Stone, No. 1:96-CR-403, 2019 2475750, at *3 (N.D. Ohio Jun 13, 2019)("When drug quantity is not both charged in the indictment and submitted to the jury as part of the jury instructions, the statutory maximum under 841(b) must be determined without reference to a specific drug quantity."); United States v. Martinez, No. 04-CR-48-20

4

(FSR), 2019 WL 2433660, at *3(S.D.N.Y. May 24, 2019)("This Court... concludes that the phrase 'violation of a Federal criminal statute' refers to the amount charged in the indictment upon which Martinez was convicted, not the amount attributed to him by judicial finding."); United States v. Rose, __ F. Supp. 3d __, 2019 WL 2314479, at *3 (S.D.N.Y. May 24, 2019)(citing cases); United States v. Boudding, __ F. Supp. 3d __, 2019 WL 2135494, at *4 (W.D. Mich. May 16, 2019)(explaining that "eligibility under the language of the First Step Act turns on a simple, categorical question: Namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence."). There is limited case law to the contrary.

Of great legal consequences, in (U.S. v. Maupin) No. 19-6817; speaks to what the Supreme Court makes clear that, a covered offense is determined by the Statute of conviction, not "actual conduct" or relevant conduct". This ruling the Govt conceded to in the Fourth Circuit (See United States Motion to Remand, (2.C.F. No.26). Thus if and since Petitioner was never charged to a violation pursuant to a 924(c) violation; one would conclude that Petitioner was simply enhanced under what would be relevant conduct to a crime. If such is the case, then the Court's have decided that relevant conduct not presented to a jury may not be used to enhance a defendant beyond the findings of a jury (See Rosales - Mireles v. U.S. 138 S.Ct. No. 1897 (2018); Also, U.S. v. Antonucci, 667 Fed. Appx 121, 2016 U.S. App. Lexis 11396).

Subsequently the Govt's enhancement being illegal would mean that Petitioner was sentenced on a calculation of applicable guideline range used that was in error. Such is the case, that on April 20, 2016 in (Molina - Martinez v. U.S.) 136, S.Ct 1338, 1344 the Court determined that the district Court had errored and should have sentenced the defendant to a lower guideline range because the Court found that a sentencing procedure which begins with an incorrectly calculated guideline range level is infected with "Plain" error

and requires resentencing even where there has been failure to object (By way of plea) to the Court's guideline calculation. (In further support also see.... (Haskell v. Superintendent Green SCI, 2017 BL 266640 3rd Cir. No. 15-3427 (2017); Harris v. U.S., No. 17-3341 (3rd Cir.) (2018).

Finally, inherently pursuant to (U.S. v. Davis) No. 18431; similar to Petitioner's claims in (Davis) Petitioner cites that his 5th amendment rights were violated failure of correct due process in Petitioner's motion his constitutional claims of violation is interwoven throughout his brief for such relief; that the Govt conviantly seems to avoid in their answer response. Unfortunately, for the Govt the laws have changed in favor of defendant's where they simply cannot just state (as in their answered brief) "the two-level enhancement was properly applied and defendant is not entitled to the relief he seeks."

The (Davis) case is about how the Govt is misapplying the 924(c) charge and vagueness of the language. Period! The belief that they can avoid charging someone of a violation; then create an end-around an enhance an individual upward (under) relevant conduct of a crime or outside of an actual covered offense, by simply stating so is now inconsistent was case law (Supreme Court) presedent rulings. The Govt cannot have it all ways, when it suits them. Period!

Petitioner was given an unproven, uncharged, uncovered offense violation based on what seems to be relevant "supposed" conduct; that is now considered illegal when not presented to a jury of his peers. Pursuant to Davis; since Petitioner recieved what then would be a 2 level enhancement (non-charge) would mean he would fall under the 924(C)(3)(B) residual clause; thus would conclude cannot stand

6

based on the unconstituionality of vagueness determined by the Highest Court in the land of America.

Wherefore, DanteMcNair, Pro Se, Petitioner, respectfully asks this Honorable Court to GRANT Petitioner's Motion for Relief and issue a resentencing; pursuant to (U.S. v. Davis) 18431, and for the following reasons: (AND ALIKE)

1) Based on recent 9th Cir. Decision im (U.S. v. Sainz) No. 17-1030; stating that the a district court "may not" sua sponte raise (or by pass) a defendant's rights to file a §3582(C)(2) motion and deny the motion on that ground (because the Govt simply asks the Court to) is a violation of an individual's constitutional rights.

2) Congress recently decided that 3582(C) could and would enable courts to decide in indivdual cases, if there is a justification for reducing a term of imprisonment to act as a safety valve for modification of sentences.

3) A super majority of all Federal Judges are now following what was alleged in the 'Four Corners' of the indictment concept in favor of defendant's harshly or illegaly sentenced.

4) Petitioner was given (when not charged) an enhancement of (2) levels for a gun violation under relevant conduct that is now deemed illegal when not presented before a jury of his peers. Period!

Congress sought out to avoid stacking to create longer (unjustified) sentences created by prosecuter's and thus in (Davis) the Supreme Court determined a vague law is no law at all! Petitioner; granted was not charged with a 924(c) violation... However, was

7

enhanced as if he recieved a 924(C)(2)(B) charge which falls under the residual clause and cannot stand. Petitioner addresses each claim proffered by the Govt proven without a doubt that, the laws are in favor of Petitioner's claims for relief, and requests that the court **GRANT** Petitioner's motion for Resentencing to Reverse a Harmful Error of the 2 level Enhancement, before the Court; to correct a miscarriage of Justice; and for any other relief deemed necessary and appropriate in the Interest of Justice.

DATED: 12-30-19

Respectfully Submitted,

Dante McNair, Pro Se
Fed No.: 78214-054
LSCI Allenwood - LOW
P.O. Box 1000
White Deer, PA 17887

*The Government is to respond to this submission by 1/27/20.*

*So Ordered.*
*MK*
*1/6/20*

8

## AFFIDAVIT

I Hereby Certify that the foregoing facts are true and correct to the best of my knowledge and belief under penalty of perjury as per 28 USC Section 1746.

*[signature]* Pro Se

## CERTIFICATE OF SERVICE

I Hereby Certify that a copy of the foregoing Petition/Motion was mailed on this 1st day of Jan 2020, by First Class Mail, postage prepaid to:

AUSUA
Office of the US ATTORNEY
Christopher J. Clore
300 Quarropas Street
White Plains NY 10601

*[signature]*
Dante McNair Pro Se



Dante M
L.S.C.I Allenwood low
P.O. Box 1000
White Deer, P.A. 17887

7019 2280 0000 7072 5631

⇔78214-054⇔
Clerk Of Court
300 Quarropas ST
White Plains, NY 10601
United States

USDNY WP

RECEIVED
JAN 02 2020
U.S.D.C.
WP

Legal mail

Low Security Correctional ...
Allenwood, PA 17837

Date_____ DEC 3 0 2019

The enclosed letter was processed through
special mailing procedures for forw...
you. The letter has neither been op...
inspected. If the writer raises a que...
problem over which this facil...
jurisdiction, you may wish to r...
material for further information o...
If the writer encloses corres...
forwarding to another addr... 
enclosure to...