Case 7:16-cr-00666-KMK Document 286 Filed 01/10/20 Page 1 of 2



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

January 10, 2020

**BY ECF**

**MEMO ENDORSED**

The Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

>Re: United States v. Dante McNair,
>16 Cr. 666 (KMK)

Dear Judge Karas:

The Government respectfully writes in response to defendant Dante McNair's (the "defendant") supplemental submission filed on January 2, 2020 (the "Supplemental Submission") in further support of his motion to reduce his sentence, pursuant to Title 18, United States Code, Section 3582(c)(2). As set forth below and in the Government's initial response, dated December 18, 2019, the defendant's motion should be denied – whether filed as a motion pursuant to Section 3582(c)(2), Section 2255, or otherwise.

The defendant raises no new arguments in the Supplemental Submission. Nor does he even attempt to respond to the case law cited by the Government that is not only directly on point, but also completely refutes his claim. In short, the defendant was not charged with violating Title 18, United States Code, Section 924(c), and, thus, the decision in *United States v. Davis*, is wholly inapplicable.[1] *See United States v. Nwankwo*, No. 12 Cr. 31 (VM), 2019 WL 4743823 at *1 (S.D.N.Y. Sept. 17, 2019) ("In United States v. Davis, the Supreme Court held that the term 'crime of violence' is unconstitutionally vague when defined to cover a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' See 139 S. Ct. at 2324, 2336. This holding does not affect Nwankwo's sentence, because Section 2D1.1(b)(1) does not use or otherwise rely upon the term 'crime of violence.'").

---

[1] Indeed, defendants convicted of Section 924(c) violations may not, as a matter of law, receive the two-level enhancement under U.S.S.G. § 2D1.1(b)(1). *See* U.S.S.G. § 2K2.4 Application Note 4 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determine the sentence for the underlying offense.") In other words, the only reason why the two-level enhancement was appropriate here is *because* the defendant was *not* convicted of a Section 924(c) offense.

Accordingly, despite the defendant's Supplemental Submission, neither the facts nor the law have changed in the defendant's favor and, as a result, the defendant is not entitled to the relief he seeks, and his motion should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/ Christopher J. Clore___
Christopher J. Clore
Assistant United States Attorney
(212) 637-1063

cc: Defendant Dante McNair (*by mail*)

Mr. McNair's application is denied. He was not ~~charged~~ or convicted of a § 924(c) violation. Therefore, Davis does not apply.

So Ordered.

KMK
1/13/20

The Clerk of the Court is directed to mail a copy of this Order to the ~~Plaintiff~~ Defendant